UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JEANETTE SHELLY,**<br><br>    Plaintiff,<br><br>vs.<br><br>**THE HARTFORD INSURANCE COMPANY OF THE MIDWEST,**<br><br>    Defendant. | CASE NO.: **2:23-cv-822** |

## COMPLAINT

The Plaintiff, Jeanette Shelly (hereinafter "Plaintiff"), by and through undersigned counsel, hereby sues The Hartford Insurance Company of The Midwest, (hereinafter "Defendant"), and in so doing, alleges the following:

**PARTIES, JURISDICTION, VENUE, AND FACTS MATERIAL TO ALL COUNTS**

1. Plaintiff, Jeanette Shelly, is a resident of Lee County, Florida and is otherwise *sui juris*.

2. The property which forms the subject of this action is located in Lee County, Florida.

3. National Flood Insurance Program Direct ("NFIP") is an insurance program, administered by the Federal Insurance Administration, as part of the Federal Emergency Management Agency ("FEMA") in the United States Federal Government, which governs the subject insurance policy issued by the Defendant, who is qualified and doing business in Lee County, Florida.

4. The Defendant issued the National Flood Insurance Program's Standard Flood Insurance Policy numbered 99016025242019 to the Plaintiff (the "Policy"). The Policy provides

insurance coverage for real property owned by the Plaintiff, which is located at 191 Bayview Avenue, Fort Myers Beach, Florida 33931 (the "Property"). The policy is publicly available on the FEMA NFIP website. The operating declarations page is attached as **Exhibit "A"**.

5. The Policy provides insurance coverage for damage to the Property for replacement of personal property destroyed and/or damaged by a covered loss.

6. At all times material hereto, the Policy was in full force and effect.

7. At all times material hereto, the Plaintiff was a party to the Policy and an insured of the Defendant.

8. On or about September 28, 2022, the Plaintiff suffered covered losses caused by flood water/storm surge.

9. After suffering the covered losses to the Property, the Plaintiff made a claim against the Policy, which was assigned claim number 412050 by the Defendant (the "Claim").

10. All conditions precedent to the filing and maintenance of this action have been performed, occurred, or were otherwise waived.

11. The Plaintiff has been forced to retain the undersigned counsel and are obligated to pay a reasonable fee thereto.

12. Pursuant to the Policy § 627.428 and 627.70152 Fla. Stat., and 28 U.S.C. § 2412(b), the Plaintiff is entitled to recover the reasonable attorneys' fees and costs incurred in this regard from the Defendant.

13. Pursuant to 42 U.S.C. § 4072, this Court has exclusive original subject matter jurisdiction for disputes arising from claims made pursuant to the National Flood Insurance Program's Standard Flood Insurance Policy, which dictates that any legal suit arising from

coverage under the policy shall be filed in the U.S. District Court for the district in which the insured property was located at the time of the loss.

### COUNT I – BREACH OF CONTRACT

14. The Plaintiff hereby re-alleges and re-avers the allegations contained in numbered paragraphs one (1) through twelve (13) hereinabove as if fully set forth herein.

15. The Plaintiff provided the Defendant with timely notice of the Claim and complied with all conditions and obligations imposed by the Policy. Never-the-less, the Defendant breached the Policy by failing to provide necessary reimbursement for covered losses in accordance with the Policy.

16. The Plaintiff received correspondences from the Defendant advising that:

   a. the claim would be denied due to a purported exclusion in the Policy;

   b. only a small partial payment in regard to the subject loss would be paid; and/or

   c. the Defendant is not going to honor the Claim.

17. The Defendant failed to make a full payment for Plaintiff's losses, which are covered by the Policy.

18. As a direct result of the Defendant's breaches of the Policy, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against the Defendant and in so doing, award the Plaintiff the actual damages incurred in this regard, along with pre-judgment and post-judgment interest and the reasonable attorneys' fees and costs incurred in this regard, together with such other and further relief deemed just and fit.

The Plaintiff demand a trial by jury on all issues so triable.

                        Respectfully submitted September 28, 2023.

**LITIGATION & RECOVERY LAW CENTER, PL**
16375 NE 18th Avenue, Suite 321
North Miami Beach, Florida 33162
Phone: (305) 760-2314 | Fax (305) 760-2498
Primary email: jeffrey@LRLC.legal
Secondary email: service@LRLC.legal

By: /s/ Jeffrey T. Donner
     Jeffrey T. Donner, Esquire
     Fla. Bar No: 180122